## UNITED STATED DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

Civil Action No.:

| | |
|---|---|
| LUIS MAYANCELA and ) | |
| MARIA SANISACA, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| VS. ) | |
| ) | |
| ROB PARKER d/b/a ROB ) | PLAINTIFFS CLAIM TRIAL |
| PARKER & SON ROOFING & ) | BY JURY |
| CONSTRUCTION ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

## PARTIES AND FACS

1. The plaintiff Luis Mayancela resides in Framingham, Massachusetts. The plaintiff Maria Sanisaca is the wife of Luis and resides with him in Framingham, Massachusetts.

2. The defendant Rob Parker operates a roofing and construction business under the name Rob Parker & Son Roofing & Construction. He resides at 111 Turtle Rock Road, Stoddard, New Hampshire, 03464.

3. Jurisdiction is based on diversity of citizenship and an amount in controversy in excess of jurisdictional limits.

4. The plaintiffs' cause of action arises from the defendant's (1) transacting business in New Hampshire; (2) committing tortuous acts in New Hampshire and/or other actions which confer jurisdiction under the New Hampshire long arm statute.

5. At all times pertinent hereto, the defendant was the contractor in charge of a construction project at the city of Concord General Services Building at 311N. State Street, Concord, New Hampshire.

6. In connection with said construction project, defendant hired plaintiff's employer to perform a portion of the work.

7. In the course of said work, the plaintiff was caused to fall from a ladder, resulting in severe injuries.

## CAUSES OF ACTION

### COUNT I (PERSONAL INJURY – LUIS MAYANCELA)

8. The plaintiff repeats and reavers the allegations of paragraphs 1-7 herein.

9. The injuries sustained by the plaintiff Luis Mayancela resulted from the negligence of the defendant as follows:

    a. The defendant failed in its duty to maintain reasonable conditions of safety on the premises.
    b. The defendant failed in its duty to ensure there were no dangerous conditions present on the site.
    c. The defendant created an unsafe condition on the premises.
    d. The defendant had a contractual duty arising out of his contract with the premises owner to conduct the work safely but negligently failed to do so and the plaintiff was a third-party beneficiary of the contract.
    e. The defendant undertook to render services which he recognized or should have recognized were necessary for the protection of the plaintiff and the plaintiff was injured due to defendant's increasing the risk of harm to the plaintiff.
    f. The defendant failed in its duty to provide adequate fall protection for persons working on the premises.

10. As a direct and proximate result of the defendant's negligence, the plaintiff sustained severe injuries including but not limited to fractures of his cervical and thoracic spine and humerus. He has been and continues to be disabled from work and his usual activities. He has incurred great expense for his medical treatment and will incur additional expense in the future. He has suffered and will continue to suffer substantial pain and suffering. He does not enjoy life as he did prior to the incident

WHEREFORE, the plaintiff demands judgment together with interest and costs.

### COUNT II (LOSS OF CONSORTIUM – MARIA SANISACA)

11. The plaintiff Maria Sanisaca repeats and reavers the allegations of paragraphs 1-10 herein.

12. As a direct and proximate result of defendant's negligence, the husband of the plaintiff has become injured and disabled. The plaintiff has lost the love, companionship, and consortium of her husband.

WHEREFORE, the plaintiff demands judgment together with interest and costs.

### PLAINTIFFS CLAIM TRIAL BY JURY

The Plaintiffs,
By Their Attorney,

/s/ David Angueira
David P. Angueira, Esq.
NH Bar # 16632
Swartz & Swartz, P.C.
10 Marshall Street
Boston, Ma 02108
dangueira@swartzlaw.com
617-742-1900

Dated: October 2, 2020